IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In re:                                   :
                                         :
REDONDO CONSTRUCTION CORP.,              :    Case No. 02-02998 (GAC)
                                         :
        Debtor                           :    Chapter 11
_____  :
                                         :
REDONDO CONSTRUCTION CORP.,              :
                                         :
        Plaintiff                        :
                                         :
        v.                               :    Adv. No. 04-00016
                                         :
MORP DEVELOPMENT CORP.,                  :
FRANCISCO RAMIREZ and DORAL BANK,        :
                                         :
        Defendants                       :
_____  :

<u>DECISION AND ORDER</u>

The debtors filed this adversary proceeding on February 9, 2004, to determine whether Morp Development Corp. ("Morp), Francisco Ramirez ("Ramirez") and Doral Bank have unlawfully withheld $2,125,511.00, which the debtor alleges is due under a March 31, 2000 construction contract between the debtor and Morp. The debtor contends that the act of withholding the funds violates the automatic stay of 11 U.S.C. § 362(a)(3).  The debtor also contends that the act constitutes contempt, sanctionable under 11 U.S.C. § 105.  The debtor seeks to hold Ramirez liable in his personal capacity for his involvement in the project as the President of Morp.  Morp and Ramirez counterclaimed.

On November 29, 2005, Ramirez filed a motion to dismiss, contending that he can not be held liable in his personal capacity

(dkt. #120). In the admitted facts, the parties recognize that the contract between them was signed on Morp's behalf by Carmelo Ortiz Cruz ("Ortiz"), as president of Morp. Ramirez contends that Ortiz negotiated the contract, was involved with Redondo during the construction and signed the payment certifications on Morp's behalf. Ramirez argues that his actions in trying to continue the construction project after Redondo left the project, were only as an officer and shareholder of Morp, not in his personal capacity. He contends that the corporation is a legal entity, which is separate and independent from its shareholders, and that he should not be held liable for the contract of the corporation.

The debtor filed an opposition to the motion to dismiss contending that the cause of action against Ramirez is not for breach of contract but as a result of his unlawful withholding of funds which the debtor argues are property of the debtor's bankruptcy estate (dkt. #122). The debtor states that the complaint alleges several claims against Ramirez. The debtor argues that it fulfilled its obligations under the contract with Morp and that there is no valid reason for the withholding of payments due under the contract. The debtor contends that Ramirez willfully, maliciously and with dolus is improperly retaining the funds. The debtor also states that the withholding is illegal and without justification. The debtor contends that it states a cause of action under 11 U.S.C. § 362(a)(3), which bars an act to obtain

2

possession or control over property of the estate and that Ramirez's acts in withholding the payments are willful, because they were done with knowledge of the bankruptcy petition. Likewise, the debtor argues that Ramirez has committed contempt of court and should be sanctioned under 11 U.S.C. § 105(a) for his malicious intent or lack of good faith.  The debtor also states that Ramirez is obligated to turn the funds over under 11 U.S.C. § 542(a), because he is illegally and contumaciously holding them. The debtor contends that Ramirez is liable under theories of breach of contract and tort for his wrongdoing.

### DISCUSSION

The debtor's claim against Morp relates to Morp's failure to comply with payment obligations pursuant to its contract with the debtor.  Morp counters that it was relieved of the obligation to make further payment to the debtor when the debtor failed to complete work that it was obligated to perform.  Morp likewise claims to have suffered damages.

Different interests are protected by actions for breach of contract and tort actions.  Actions for breach of contract protect interests in having promises performed and tort actions protect interests in freedom from harms incident to intrusions upon legally protected interests.  W. Prosser, *Torts* 613, § 92.  Repudiation of a contract is not a tort.  <u>Redgrave v. Boston Symphony Orchestra, Inc.</u>, 557 F.Supp. 230, 237 (D.Mass. 1983).  As stated by the court

in <u>Redgrave</u>:

> a breach of contract is not, standing alone, a tort as well. And it cannot be converted into a tort merely by attaching to the contract, or to the breach, new labels that sound in tort. Calling a "breach of contract" a "tortious repudiation of contract" is no more helpful in identifying a ground of tort liability than would be an argument that every breach of contract-or perhaps every willful breach-is a tort.

<u>Id</u>. at 238. "Absent some identifiable tort theory, no reason appears for enlarging remedies for the breach of contract . . . beyond those, supported by precedents, protecting the interest in having promises performed." <u>Id</u>.

This Court recognizes that an individual can be held liable for torts that the individual committed while acting in their official capacity as an officer of a corporation. See 3A *Fletcher Cyclopedia of Private Corp.* § 1135. Notwithstanding, the First Circuit has stated that "[a] willful violation does not require a specific intent to violate the automatic stay. The standard for a willful violation of the automatic stay under 11 U.S.C. § 362(h) is met if there is knowledge of the stay and the defendant intended the actions which constituted the violation." <u>Fleet Mortgage Group, Inc. v. Kaneb</u>, 196 F.3d 265, 269 (1st Cir. 1999). Likewise, the First Circuit has held that a creditor's violation of the automatic stay is not a strict liability tort and that a debtor's recovery under a tort theory, requires proof that the creditor violated the automatic stay under circumstances that satisfy the elements of the tort theory in question. <u>Vahlsing v. Commercial</u>

4

Union Insurance Co., Inc., 928 F.2d 486 (1st Cir. 1991).

In Spookyworld, the First Circuit Court of Appeals held that corporations cannot sue under 11 U.S.C. § 362(h) to collect damages for violations of the automatic stay. Spookyworld, Inc. v. Town of Berlin, 346 F.3d 1, 8 (1st Cir. 2003). Nonetheless, corporations may seek damages for automatic stay violations under 11 U.S.C. § 105(a). Id. The First Circuit recognized that damages awarded pursuant to this section are contempt orders. Id. "[C]ivil contempt is somewhat analogous to a tort judgment for damages." Morales Feliciano v. Rosello Gonzalez, 124 F.Supp.2d 774, 785 (D.P.R. 2000). But, the similarity does not equate a contempt proceeding with being a tort action.

The debtor's claim against Morp is for breach of contract and the debtor seeks to have Morp held in contempt for violation of the automatic stay and for failure to turnover funds that are property of the estate. The debtor does not include any cause of action for which Ramirez could be held individually liable. The debtor merely characterizes Ramirez's actions as unlawful, willful, with dolus, illegal, without justification, malicious, lacking good faith, contumacious and wrong. The Court concludes that the debtor has failed to allege that Ramirez violated the automatic stay under circumstances satisfying the elements of any tort theory. Accordingly, the complaint will be dismissed as to Ramirez.

ORDER

WHEREFORE IT IS ORDERED that the motion to dismiss, filed by Francisco Ramirez (dkt. #120), shall be, and it hereby is, GRANTED.

SO ORDERED.

San Juan, Puerto Rico, this 28th day of February, 2006.

/s/ Gerardo A. Carlo
_____
GERARDO A. CARLO
Chief, U.S. Bankruptcy Judge