IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| REDONDO CONSTRUCTION CORPORATION, | : | CASE NO. 02-02887 (GAC) |
| | : | |
| Debtor | : | CHAPTER 11 |
| _____ | : | |
| | : | |
| REDONDO CONSTRUCTION CORPORATION, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | ADV. NO. 04-0016 |
| | : | |
| MORP DEVELOPMENT CORP., FRANCISCO RAMIREZ and DORAL BANK, | : | |
| | : | |
| Defendants | : | |
| _____ | : | |

**DECISION AND ORDER**

I. <u>Background</u>

The controversy pending before this Court is a Motion by Doral Bank ("Doral") for determination of whether this proceeding is a core proceeding (Docket #136). The debtor, Redondo Construction Corporation ("Redondo") filed this adversary proceeding on February 9, 2004, to determine whether Morp Development Corp. ("Morp")(Docket #1), had unlawfully withheld $2,125,511.00, which Redondo alleges is due under a March 31, 2000, construction contract between Redondo and Morp. Redondo then filed an amended complaint to include Francisco Ramirez and Doral as co-defendants (Docket #77). On May 4, 2005, Doral filed a motion for withdrawal of reference in the United States District Court for the District

of Puerto Rico. On June 13, 2005, this Court entered an order finding that said motion was properly filed in the District Court (Docket #96).

On March 15, 2006, Doral filed a Motion for Determination of Core/Non-Core Matters (Docket #136). Doral argues that although the present adversary proceeding arose because of an alleged violation of the automatic stay, clearly a core proceeding, Redondo's allegations of lender control and liability are non-core proceedings. It further argues that because this matter is non-core, the Court needs the consent of the parties to enter final judgment. Doral does not consent. Thus, it maintains that this Court has to make a determination as to whether the present adversary proceeding is a non-core matter. Doral asserts that after the Court makes such a determination, the District Court can proceed with the withdrawal of such action. Therefore, Doral requests that the Court determine that this cause of action, for lender control and liability, are non-core matters.

On May 31, 2006, Doral filed a Motion requesting that the Court consider Docket #136 unopposed (Docket #138), arguing that the Court granted the parties ten days to file their responses to Doral's Motion for Determination of Core/Non-Core Matters (Docket #136) and no opposition or responses were filed in two months. Thus, Doral requests that the Court deem the motion unopposed and rule accordingly.

On June 30, 2006, Redondo filed a belated answer to Doral's

2

motion for determination of core/non-core matters (Docket #141). Redondo contends that this is a core proceeding because the Amended Complaint seeks relief against Doral premised on Title 11. Redondo asserts that this adversary proceeding falls within the literal wording of section 28 U.S.C. § 157(b)(2)(E), alleging that the proceeds from the sale of the residence are property of the estate and thus are subject to turnover pursuant to 11 U.S.C. § 542(a). Moreover, Redondo seeks to have Doral held in contempt for withholding the monies owed to Redondo in violation of 11 U.S.C. § 362(a)(3). Redondo also contends that it is seeking punitive damages and sanctions pursuant to 11 U.S.C. § 105.

Likewise, Redondo maintains that Doral ignores the fact that the Court has already used § 105 as a basis for its order requiring Doral to deposit 15% of the proceeds from the sale of the residential units of the projects with the Court. Finally, Redondo maintains that the present adversary case is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), which indicates that core proceedings include matters concerning the administration of the estate, and § 157(b)(2)(O), which includes as core, other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship.

Redondo requests that the Court determine that the claim against Doral is a core proceeding and that the Court retain jurisdiction to try the same as part of this adversary proceeding.

In the alternative, Redondo contends that if this is a non-core proceeding, it is inextricably intertwined with the core claims arising from the same operative facts. Therefore, Redondo maintains that the entire case should be adjudicated in this Court.

II. Discussion

The United States Code provides that "the district court shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).

The "arising under" and "related to" concepts have been extensively discussed by the courts. "Arising under" proceedings are "those cases in which the cause of action is created by title 11." In re Middlesex Power Equipment & Marine Inc., 292 F.3d 61, 68 (1st Cir. 2002). As opposed to "related to," which the First Circuit Court of Appeals defines as:

> 'potentially have some effect on the bankruptcy estate, such as altering debtor's rights, liabilities, options, or freedom of action, or otherwise have an impact upon the handling and administration of the bankrupt estate.'

Id.(quoting In re G.S.F. Corp., 938 F.2d 1467, 1475 (1st Cir. 1991)).

The Judicial Code then differentiates between core and non-core proceedings. The Judicial Code includes a non-exhaustive list of core proceedings. See 28 U.S.C. § 157(b)(2). Actions "arising under" Title 11 are referred to as "core" proceedings and are

4

specifically referenced in 28 U.S.C. § 157(b)(2) and "related to" actions are "non-core" proceedings. Mec Steel Bldgs., Inc. v. San Lorenzo Construction, 136 B.R. 606 at 609 (Bankr. D.P.R. 1992). See also In re Evarts, 2006 WL 696136 (Bankr. D.N.H. 2006).

The Supreme Court of the United States decided upon the power of bankruptcy judges to decide core and non-core proceedings in the seminal case of Northern Pipeline Const. Co. v. Marathon Pipeline Co., 458 U.S. 50 (1982). This case involved an adversary proceeding brought by a debtor-in-possession seeking damages for an alleged pre-petition breach of contract. The Supreme Court held that the proceeding could not be finally adjudicated by the bankruptcy court. The Court explained that while the restructuring of debtor-creditor relationships is at the core of the federal bankruptcy power, the adjudication of state-created private rights is not. Id. at 71.

The First Circuit defined non-core proceedings as "claims 'concerned only with state law issues that did not arise in the core bankruptcy function of adjudicating debtor-creditor rights,'" referring to them as "Marathon-type suits." Arnold Print Works v. Apkin (In re Arnold Print Works), 815 F.2d 165, 167 (1st Cir. 1987)(quoting 130 Cong. Rec. H1848 (daily ed. March 21, 1984)(statement of Representative Kindness)). The court ruled that bankruptcy courts were empowered to finally determine suits filed by an estate representative to collect debts arising after the commencement of the bankruptcy case, but not empowered to finally

5

determine suits relating to debts arising before commencement of the case. <u>Arnold Print Works v. Apkin</u>, 815 F.2d at 168. While the former was deemed to be core, the latter was deemed non-core. <u>Id</u>. The court based its decision on <u>Marathon</u> stating that: "[n]on-core proceedings, those that the statute calls 'related to' bankruptcy cases, concern aspects of the bankruptcy case that <u>Marathon</u> barred non-Article III judges from determining on their own." <u>Id</u>. at 167.

In another case, in which the bankruptcy court had to determine if a pre-petition action was deemed a core or non-core proceeding, the court held that: "[i]f an action survive[s] outside of bankruptcy, and in the absence of bankruptcy would have been initiated in a state or district court, then it clearly involves non-core matter." <u>Mec Steel Bldgs., Inc. v. San Lorenzo Construction</u>, 136 B.R. at 609.

<u>Mec Steel</u> involved a claim by the debtor for the collection of accounts receivable. The debtor argued that this involved administration of the estate and the turning over of the property of the estate, both core proceedings under 28 U.S.C § 157(b)(2). The court in <u>Mec Steel</u> concluded that:

> [a]ctions initiated in the bankruptcy court to collect pre-petition account receivables are clearly non-core matters and should not be considered as matters affecting the administration of the estate or actions for the turnover of property of the estate in order to categorize them as core.

<u>Mec Steel Bldgs.</u>, 136 B.R. at 609.

Likewise, in <u>Goya Foods v. Unanue-Casal</u>, the court stated:

> [t]he contract validity question is not core
> to the bankruptcy proceeding. Even where the
> action "will drastically affect both the
> debtor-creditor relationship and the assets of
> the [e]state" it cannot be deemed a core
> proceeding if it arises prior to the
> bankruptcy filing and involves a right
> independent of and antecedent to the
> bankruptcy filing.

Goya Foods v. Unanue-Casal (In re Unanue-Casal), 164 B.R. 216, 221

(Bankr. D.P.R. 1993). See also Matter of Candelero San & Gravel,

Inc., 66 B.R. 903, 906 (D.P.R. 1986).

When the bankruptcy court makes a determination that a

proceeding is a "non-core" matter, it needs the consent of the

parties to enter a final judgment. The First Circuit Court of

Appeals held that:

> [a]lthough the bankruptcy court may hear all
> "related-to" proceedings which have been
> referred to it, whether core or non-core, it
> may enter a final appealable judgment only if
> (i) the proceeding itself is core, viz.,
> closely intertwined with and integral to the
> bankruptcy court's mandate to administer a
> bankruptcy case; or (ii) the case or
> proceeding is non-core, but the litigants
> nonetheless have consented to the entry of a
> final disposition by the bankruptcy court,
> rather than by the district court.

In re Sheridan, 362 F.3d at 99-100 (1st Cir. 2004). See also

Northern Pipeline Const. Co. v. Marathon Pipeline Co., 458 U.S. at

86-87. If the parties do not consent, the bankruptcy court is

powerless to enter final judgement and instead must submit its

proposed findings of fact and conclusions of law to the district

court for consideration. In re Sheridan, 362 F.3d at 100.

7

The present adversary proceeding relates to a pre-petition breach of contract. The actions for breach of contract and lender liability do not arise in or under the Bankruptcy Code. The actions survive outside of bankruptcy and in the absence of bankruptcy would have been initiated in local court or district court. Therefore, this Court concludes that this is a non-core proceeding.

Nonetheless, Redondo's action is certainly related to the bankruptcy case and the Court has jurisdiction over the proceeding pursuant to 28 U.S.C. § 1334(b). Doral does not consent to the entry of a final order or judgment by the Bankruptcy Court. Thus, any proposed findings of fact and conclusions of law issued after trial will be subject to *de novo* review by the district court. See Fed. R. Bankr. P. 7012(b) and 9033.

<u>ORDER</u>

WHEREFORE IT IS ORDERED that Doral's Motion for Determination of Core/Non-Core Matters (Docket #136) is GRANTED. The Court concludes that this is a non-core proceeding.

SO ORDERED.

San Juan, Puerto Rico, this 19th day of July, 2006.

S/Gerardo A. Carlo-Altieri

_____

GERARDO A. CARLO-ALTIERI
Chief, U.S. Bankruptcy Judge

8